## J. L. CARTER *v.* TUFTS & HOBART.

Damages will not be allowed against a party for asserting a right in a court of justice by the compulsory process allowed by law, beyond the damages actually sustained, unless the circumstances of the case disclosed a want of probable cause for the action and malice in the resort to compulsory process.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *Durant & Hornor*, for plaintiff and appellant. *A. N. Ogden & Stansbury*, and *Benjamin, Bradford & Finney*, for defendants.

BUCHANAN, J. The defendants libelled the steamboat Ohio belonging to plaintiff, in admiralty, in the District Court of the United States, in New Orleans, for non delivery of merchandize shipped on board the said steamboat for transportation for him. The answer to the libel, filed by plaintiff, admitted the shipment and non delivery of the merchandize, but plead that the vessel was not liable as a common carrier, under the bill of lading, inasmuch as the merchandize was lost by a peril of navigation. Of this opinion was the admiralty court; and the libel was accordingly dismissed, and the steamboat released from seizure after a detention of one month and twenty-six days.

The plaintiff brings the present action for seven thousand dollars damages, alleged to have been suffered by him in consequence of the seizure and detention of his steamboat, as aforesaid. The particulars of damage set forth in the petition are all prospective and conjectural, with the exception of a charge (indefinite in amount from being mixed with other charges in one item), for expenses of discharging cargo which was on board at the time of the seizure of the vessel. And of this charge it may be observed, that its amount is not ascertained by any proof.

The District Court gave judgment for defendants, on the ground that there is neither allegation nor proof that the seizure of the plaintiff's steamboat was made maliciously, or without probable cause. The learned Judge has reviewed the decisions of this court upon this point, by which it appears to be now settled, that damages will not be allowed in Louisiana, against a party, for asserting a right in our courts, by the compulsory processes allowed by our laws, beyond the damages actually sustained, unless the circumstances of the case disclose a want of probable cause for the action instituted by such party, and malice in the resort to compulsory process.

But in the present case, these elements are wanting. In the words of the District Judge, " the defendants had an apparent cause for what they did. They acted upon a state of things produced by the plaintiff himself—his non compliance with his contract to bring merchandize to the defendants." *Moore* v. *Whittenbury*, 13 An. 22.

Judgment affirmed, with costs.