Mr. Justice Howell took no part in this decision.

---

No. 1872.—St. Charles Hotel Company v. J. L. Tarbox & Co.—J. D. Hamilton, Intervenor.

Movable property belonging to the lessee, and placed by him on the leased premises, is pledged to the landlord for the payment of the rent. C. C. 2675. Such property may be seized by the landlord while on the premises or within fifteen days thereafter, provided the lessee continues to be the owner. But if the lessee ceases to be the owner, then and in that case it can not be seized for the rent after it has been removed from the premises.

APPEAL from the Fourth District Court, parish of Orleans. Théard, J. Armand Pitot, for plaintiff and appellee. Emmet D. Craig, for intervenor, appellant.

Ludeling, C. J. The plaintiff seized the stock and fixtures of the defendants, in the basement of the St. Charles Hotel, under an order of provisional seizure, for rents, and some days afterward a further seizure was made of some furniture found off the premises, in the possession of the intervenor.

The evidence shows that the furniture last seized had been transferred and delivered to Hamilton by a dation en paiement, and that he had removed them from the premises leased before the seizure. Article 2675 of the Civil Code gives to the lessor a right of pledge on the movable effects of the lessee, which are found on the property leased; and articles 2679 of the Civil Code and 288 of the Code of Practice authorize the seizure thereof while on the premises leased, or within fifteen days after they are taken away without the consent of the lessor, provided they continue to be the property of the lessee. In this case the evidence shows that the furniture claimed by the intervenor had ceased to belong to the lessee. 16 An. 350, Delband v. Pickett, Stewell, intervenor.

It is therefore ordered and adjudged that the judgment of the district court be set aside, and that there be judgment in favor of the intervenor recognizing him to be the owner of the furniture described in his petition, and for costs of both courts.