## No. 8609.

## LEEN KEE & CO. VS. SMITH BROTHERS & CO. ET AL.

Where a person seizes and sells the property of one for the debt of another, but the proceeding, though unwarranted, is not wanton or malicious, the party seizing cannot be held for punitive or vindictive damages.

Though the vendor was in fraud, when the purchaser paid a sound price and is not shown to have been cognizant of the fraud of the vendor, or of the fact of his insolvency, the property cannot be reached, even through a revocatory action.

Where the property of the innocent purchaser has been thus illegally seized and sold, the party in fault is liable to the owner for the full value of the property, although part of the proceeds of the sale has been applied to pay a debt for rent due on the property in favor of a third person claiming same by third opposition. 6 R. 385.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

*T. M. Gill* and *H. H. Bryan* for Plaintiffs and Appellees.

*J. O. Nixon Jr.* for Defendants and Appellants :

Litigants who do not produce the best evidence under their control will be presumed to do so because such evidence is unfavorable. Cockerel vs. Smith, 1 An. 3; 1 An. 346; Winston vs. Prevost, 6 An. 166.

When sued for damages, for sale of A's property under process against B, the defendant can set up that the transfer from B to A was fraudulent, and is not restricted simply to showing that it was simulated. Fisher vs. Moore, 12 R. 95; New Orleans Th. Ins. Co, vs. Lafferanderie, 12 R. 473; C. P. 20.

A sale of all of a debtor's property to the prejudice of creditors is presumed fraudulent. Bank of Mobile vs. Harris, 6 An. 811.

And it is not necessary that the vendee should be proved to have known of the vendor's insolvency. Thompson vs. Freeman, 34 An. 902.

The opinion of the Court was delivered by

TODD, J. Smith Bros. & Co., creditors of Wung Chung & Bro., attached as their property the contents of a store at 97 Royal street, in this city, and under the judgment obtained for the debt claimed, caused the property to be sold.

The plaintiffs in the instant case, claiming that they were the owners of the property and in possession of the same at the time of its seizure under the attachment, sued Smith Bros. & Co., the attaching creditors, for damages, and obtained a judgment against them for $850, less $107 paid out of the proceeds of the sale for rent due; and from this judgment Smith Bros. & Co. have appealed, and the plaintiffs have asked an amendment of the judgment in their favor.

There were exceptions filed to the petition, which, upon examination, we find were correctly overruled, as likewise a prayer of oyer.

The evidence, which is voluminous and in some not essential particulars, conflicting, satisfies us that the plaintiffs were the owners of the property attached at the time of its seizure and in possession of the

same. That the sale to them by Wung Chung & Co. was a real sale, and there is no proof that the purchase was not made in entire good faith by the plaintiffs, and in ignorance of any indebtedness on the part of the vendors to Smith Bros. & Co., or anyone else.

The plaintiffs were desirous of preventing the sale of their property and employed counsel for that purpose, but were unable to make an injunction bond. The case was tried before a jury. The verdict allowed damages to the amount of the price paid by the plaintiffs for the property, less the amount of the proceeds of the sale received by the lessor of the store, who had intervened in the suit.

The circumstances of the case might seem to warrant the allowance of actual damages to a larger amount than were awarded by the lower court.

The plaintiffs, as stated, bought in good faith and for a sound price, went into the immediate and exclusive possession of the property, with their sign up, and all the indicia of ownership at time of the seizure. Their stock was sold out by the sheriff, and their business broken up, but the proof in the record does not enable us to make an estimate of the loss from this or any other cause of damage asserted, besides and beyond the value of the goods lost to them, and we are not asked to remand the case, that the proof on this point may be supplied. We do not think, however, that the amount of the rent due on the storehouse should have been deducted from the amount allowed, $850, for the goods sold.

In the case of Lawrence vs. Hozey, 6 R. 385, the property of the plaintiff therein was seized and sold for the debt of his vendor, and the *entire* proceeds of the sale taken or absorbed by the rent claim, and the seizing creditor got nothing, yet the Court held:

"That it is no excuse for the defendants, if their acts were illegal and caused damage to the plaintiff, to say they had gained nothing by them and that another got the money they were illegally endeavoring to obtain. It is not shown that Burton (lessor) was at all uneasy about the rent of his house, or that he would, in the absence of the plaintiff, have taken any step to have the furniture seized and sold. The course pursued by the defendants compelled him to assert his claim, but does not legalize their proceeding, if contrary to law."

We are strongly urged to allow punitive or vindictive damages. We cannot do so. The seizure, though unwarranted, was not wantonly and maliciously made. The defendants evidently believed they were attaching the property of their fraudulent debtors. They had seen them one day in possession of the store, engaged in the usual course of traffic. On the very next day they found the plaintiffs duly installed and at home there. The change was unexpected and unannounced.

They could not readily believe that it was the result of a *bona fide* legitimate, sober business transaction, but very naturally, in the sudden change in the situation, and perhaps from individual or national associations marking the *dramatis personœ*, or, may be, from poetic inspiration, they saw in it only the evidence of " ways that are dark and tricks that are vain," and on this conclusion acted.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be amended by striking out and rejecting the $107 and interest allowed therein as a credit for rent, and decreeing the entire sum mentioned in the judgment, $850 and interest, to the plaintiffs, and as thus amended it be affirmed at the costs of the defendants.

Rehearing refused.