ZION v. BODIE

———

(July 5, 1927. Opinion and Decree.)

———

(*Syllabus by the Court*)

1. **Louisiana Digest—Execution—Par. 201.** Only actual damages are recoverable where writ was wrongfully issued, but no malice is shown.

2. **Louisiana Digest—Appeal—Par. 625.— Execution—Par. 200.** Where the right to proceed separately for actual damages is reserved by the lower court and the issues of fact have been solved correctly, the judgment will be affirmed.

Appeal from First City Court, Division "C". Hon. W. V. Seeber, Judge.

Action by Leon Zion against John Bodie.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

L. R. Wertheimer, of New Orleans, attorney for plaintiff, appellant.

Jules A. Grasser, of New Orleans, attorney for defendant, appellee.

OPINION

JONES, J. In case No. 11041, plaintiff sued and obtained judgment by default, on January 18th, 1927, against defendant for two hundred thirty ($230.00) dollars, balance due for goods and merchandise alleged to have been sold and delivered to defendant on August 17th, 1923, and February 12th, 1925.

The return of the citation, made by the deputy constable, reads in part as follows:

"Service of the citation was made by leaving same at defendant's domicile, 4126 Constance Street, on instructions of attorney, at feet of lady who refused service, a person over the age of fourteen years residing there at the time of service, defendant being absent; all these facts I learned by interrogating said person."

Constable's return on notice of judgment reads that it was served on January 19th on his wife at 4121 Constance Street.

On April 22nd, fifa was issued and Lane Cotton Mills, Inc., was served with interrogatories as garnishee.

On April 26th they answered all interrogatories "No".

On April 29th, a new citation issued to Lane Cotton Mills, Inc., and interrogatories were served asking if it was indebted to John Bodie, alias Bolster Bodie, in the sum of three hundred fifty ($350.00) dollars.

On April 29th, it answered that it had no one in its employ by the name of John Bodie, but they were indebted to an employee, Bolster Bodie, whom they had always known under that name, in the sum of twenty-six and 83-100 ($26.83) dollars.

On May 3rd, Bolster Bodie filed a rule to set aside the garnishment and recovered damages in the sum of one hundred ($100.00) dollars for illegal seizure on two grounds:

(1) Because he was a laborer.

(2) Because plaintiff had inserted his name in these proceedings illegally, although he was not a party to the suit, and had told the clerk that he would assume the risk. He prayed that plaintfif pay him twenty-five ($25.00) dollars attorney's fees and seventy-five ($75.00) dollars for inconvenience and humiliation.

On May 7th the rule was tried and, after several witnesses were heard, the garnishment was set aside with reservation of Bolster Bodie's rights to sue in another proceeding for damages.

On May 9th a rule for new trial was filed for the reason that no stenographer had been present to take down the testimony, as required by Section 91 of Article 7 of the Constitution of Louisiana, but this was refused and an appeal was taken to this court and Bolster Bodie has answered the appeal asking for damages.

On the same day a rule was filed to revise the judgment in this cause to read: "John Bodie and or Bolster Bodie." To this rule Bolster Bodie filed exception of vagueness and no cause of action and an answer denying the allegations of plaintiff. He averred that he was not the party sued; that he had had no dealings with plaintiff and that plaintiff could not change a final judgment by rule.

On May 16th this rule was tried and dismissed and appeal was again taken to this court under No. 11065.

It would serve no useful purpose to analyze the testimony of the six witnesses which was taken at the trial of the rule to revise the judgment. It suffices to say that we agree with the conclusion of the lower judge that plaintiff has failed to prove that John Bodie and Bolster Bodie were one and the same person. In reaching this conclusion we have not considered the testimony of Bolster Bodie who was put on the stand under the act by plaintiff, because he contradicted himself flatly.

As to damages for wrongful issuance of writ, it has been repeatedly held by the Supreme Court that only actual damages are recoverable, where no malice is proved.

Kee vs. Smith, 35 La. Ann. 518;

McDaniel vs. Gardner, 34 La. Ann. 343;

Byrne vs. Gardner, 33 La. Ann. 6;

Dickinson vs. Maynard, 20 La. Ann. 66;

Carter vs. Tufle, 15 La. Ann. 16.

As the judgment of the lower court reserves to Bolster Bodie the right to sue for these damages in another proceeding, we think substantial justice will be done by affirming the judgment of the lower court.