SHEPHERD v. LOYOCANO

(March 2, 1931. Opinion and Decree.)

Stanley A. J. Baron, of New Orleans, attorney for plaintiff, appellee.

Edward Rightor and Henry G. Neyrey, of

New Orleans, attorneys for intervener, appellant.

WESTERFIELD, J. Plaintiff, Mrs. Richard J. Shepherd, in this proceeding and Theodore Loyocano, alleging that there was due her $242.50 as rent under a verbal lease of a residence owned by her. She asked for a recognition of her lessor's lien and privilege, and alleged that certain household furniture subject to her right of lien and pledge had been removed from the premises less than 15 days before the filing of her petition. She prayed for a writ of provisional seizure directing the constable of the first city court to seize the property which had been removed in order that it might be sold and the proceeds applied to the payment of her rent.

Judgment by default was taken against Loyocano, a writ of provisional seizure issued, and the property ordered sold on March 3, 1930.

On March 1st, two days before the date of sale, Abraham Burglass intervened, and alleged that he was the owner of a number of articles of rurniture which had been ordered sold and more particularly set forth in the petition of intervention. He alleged that the property referred to had been sold to Loyocano several years prior to the seizure for the sum of $496, and that, of the purchase price, there remained due on January 16, 1930, the sum of $263.15, in settlement of which amount the furniture had been, by written agreement, delivered to intervener, as a dation en paiment. He prayed for recognition as owner of the property, with reservation of his right to proceed thereafter for the recovery of such damage as he sustained by reason of its wrongful seizure.

The lower court rendered judgment in favor of plaintiff dismissing the intervention, and Burglass has appealed.

Article 2709 of the Revised Civil Code provides that a lessor may seize the objects which are subject to his pledge while in the leased premises or "within fifteen days after they are taken away, if they continue to be the property of the lessee, and can be identified."

As has been stated, the property seized was conveyed by the lessee to Burglass under a dation en paiment, the effect of which, if validly executed, was to transfer the ownership of the property to Burglass and to destroy plaintiff's lien. There is no suggestion that the consideration of the dation en paiment was simulated and no proof that it was collusive or fraudulent. We therefore conclude that the furniture described in the petition of intervention was improperly subjected to the landlord's lien, and that, at the time of its seizure, it belonged to Burglass. St. Charles Hotel Co. v. Tarbox Co., 23 La. Ann. 715; Race, Merrick & Foster v. Emile LaHache, 27 La. Ann. 87; Bailey v. Quick, 28 La. Ann. 432.

It was admitted in argument that the property had been sold under the writ of provisional seizure, and was now in the possession of the purchaser. No injunction having been asked for or obtained by intervener, it follows that the purchaser at that sale obtained title to the merchandise which the intervener, because of his acquiescence in the sale, cannot challenge. Under the circumstances, we can only reserve to intervener a right to sue plaintiff in damages.

For the reasons assigned, the judgment appealed from is amended so as to reserve the right of the intervener herein, Abraham Burglass, to sue the plaintiff, Mrs. Richard J. Shepherd, for such damages as he may have suffered by reason of the unlawful seizure and sale of his property described in the petition of intervention, and, as thus amended, it is affirmed.

JANVIER, J., having been of counsel, takes no part.