## BURGLASS v. SHEPERD.

### No. 14116.

Court of Appeal of Louisiana. Orleans.

Oct. 31, 1932.

Edwin J. Prinz and Henry G. Neyrey, both of New Orleans, for appellant.

Stanley A. Baron, of New Orleans, for appellee.

WESTERFIELD, J.

Mrs. Richard J. Sheperd, alleging that Theodore Loyocano, her tenant, was indebted to her for unpaid rent, caused certain household furniture belonging to Loyocano to be seized in execution of her lessor's lien. The property was ordered sold on March 3, 1930. Two days before the sale, Abraham Burglass, a furniture dealer who had sold the furniture to Loyocano, intervened, claiming that he was the owner of the seized furniture by virtue of a dation en paiment and prayed for recognition as owner of the property, with reservation of his right to proceed for recovery of such damage as he sustained by reason of its wrongful seizure. The lower court dismissed his intervention, but, on appeal to this court, its judgment was reversed, and Burglass was held to be the owner of the property seized which, in the meantime, had been sold; no injunction having been applied for by Burglass. See Shepherd v. Loyocano, 15 La. App. 643, 132 So. 794. Thereafter Burglass brought this suit for damages. The lower court awarded him $126.65, $40 for the value of the furniture, $11.65 for costs, and $75 attorneys' fees. Burglass has appealed, and Mrs. Sheperd has answered the appeal seeking an amendment in her favor.

As is obvious, the only question now before us is the quantum of damages, as affected by the property illegally seized and sold, and the attorney's fees; the costs of court not being in dispute.

Plaintiff contends that the judge a quo erred in fixing the value of the property at $40, the amount realized at the sheriff's sale, insisting that the actual value of the property at the time of its seizure and not the price it brought at sheriff's sale is the proper basis for the award.

■■ The damages suffered by plaintiff as a result of an illegal seizure are the actual pecuniary loss he has sustained, plus expenses incurred. Byrne v. Gardner, 33 La. Ann. 6. The amount that property brings at a forced sale is not the criterion of its value. Chatman v. Wren & Turner, 11 La. App. 224, 123 So. 483; In re McAusland (D. C.) 235 F. 173, 190.

■ Plaintiff claims that the value of the seized property was $263.15; that amount being fixed by the estimate made by two of plaintiff's witnesses, C. M. and Joseph Burglass, the manager, and assistant manager, respectively, of plaintiff's furniture store. These witnesses testified that, if the furniture had been polished and cleaned at an expense of $10, it would easily have brought that amount. The constable, who made the sale, testified that in his opinion the property was worth between $75 to $100, but that he had sold better furniture for less money.

Other witnesses, including defendant's counsel, testified in a general way that the furniture was of little value. It was about 5 years old, and, when new, sold for $596. Defendant's sister described it as "terrible, all junky, scratched; a piece here and there; you had to go around the place to look for it." Defendant's counsel said that it was in "a dilapidated condition. The bed room suite was scattered about, one piece here and one piece there. * * * It was all scratched, in parts, and there were white marks on the table—water stains."

In regard to the appraisement of the furniture by the Messrs. Burglass, it is evident that the trial court, for some reason, was not impressed by their testimony. We observe that one of these witnesses, Joseph Burglass, was present when the constable cried the sale, and was a bidder, offering $25 and retiring from further participation in the sale, permitting the furniture to be sold for $40. We find it difficult to reconcile his action in this respect with his statement as to the value of the property, particularly since his employer claimed to be the owner of the property and had intervened in the proceedings leading up to the sale. Moreover, the property had been originally sold by the Burglass Furniture Company, and was, at the time of its seizure, repossessed by them under a

dation en paiment, and therefore there was every reason for Burglass to know the value of the property for which he only bid $25. Under ordinary circumstances we would not consider the price realized at a forced sale as indicative of the proper value, but, under the circumstances as they appear in the record and in the absence of any other definite proof of value, we have concluded to accept $40 as the proper amount to be awarded in connection with this item.

As to the attorney's fees, we see no reason to disturb the amount allowed by our brother below. It is doubtless true that for the amount of professional labor involved counsel should be better compensated, but the subject-matter of the litigation does not seem to us to permit of a greater charge. Bonvillain v. Pelegrin, 1 La. App. 516; Titche v. Hiller, 5 La. App. 375.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.