**HARDEE v. BEARD et al. (BEARD, Intervener).**

No. 4645.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Rusca & Cunningham, of Natchitoches, for appellant.

S. R. Thomas, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Plaintiff held a judgment against J. D. Beard and Robert Beard, his son. In August, 1932, as cotton crops were being gathered, he caused execution to issue on the judgment, and thereunder the sheriff of Natchitoches parish seized some cotton and corn, admittedly owned by the defendants, and two bales of lint cotton at the gin, three bales in the field, and one-third interest in several acres of ungathered corn, which amounted to 115½ barrels when gathered, all of which is claimed by the intervener and third opponent, Noel Beard, another son of J. D. Beard. He asserts that he planted and cultivated these crops for his own account and was in the midst of gathering the cotton when the seizure was levied thereon; that neither his father nor brother has any interest therein. Intervener's contention prevailed in the lower court. The seizure of his crops was set aside with damages, and plaintiff has prosecuted this appeal.

360

## Motion to Dismiss.

Appellee has moved to dismiss the appeal on the ground that the value of the property in controversy is less than $100, and therefore we are without jurisdiction ratione materiæ. The motion to dismiss is not good, regardless of the value of the property involved. Interventions and third oppositions have to be filed in the court having jurisdiction of the principal demand. Code of Practice, arts. 392, 397. In this respect, the district court has exclusive original jurisdiction of the intervention and opposition in the present case, and, under section 29, art. 7 of the Constitution, this court has appellate jurisdiction of all cases of which the district court has exclusive original jurisdiction. The motion to dismiss is denied.

## Motion of Plaintiff to Dismiss Intervention.

Before the case was tried, plaintiff, defendant in intervention, in open court filed a motion to require intervener to give security for costs. An order was at once signed by the judge requiring bond to be furnished, as prayed for, in the amount of $100. Neither plaintiff nor his counsel were in court at the time. The order provided that, in default of filing the bond required thereby, within 15 days, intervener's "petition be dismissed as in case of non-suit." The bond was executed and filed on February 24th, thirty-four days after the order was signed. On the day following the execution and filing of the bond, the court allowed intervener to take judgment by default against plaintiff, reserving to him the right to file any motion in that connection he desired. Thereafter plaintiff filed a motion to set the default aside and to have dismissed the intervention of Noel Beard, because the bond for costs had not been timely filed. The motions were overruled by the court. They are urged here. It was admitted on trial of the motions that no notice was given counsel of intervener of the filing of the motions nor of the court's order thereon, and for this reason—lack of notice—the court's order was not complied with within the time limit therein fixed. Affidavit of counsel found in the record discloses that neither he nor intervener knew of the motion and order for bond for costs until February 24th, the day the bond was filed.

Act No. 111 of 1926 allows a defendant in a suit, before pleading therein, the right to demand by motion that plaintiff therein give security for the "costs in such case," and that, on failure to do so within the time fixed by the court, the suit, opposition, or intervention, as the case may be, shall be dismissed as in case of nonsuit. This act, so far as we are able to find, has been construed only once by the Supreme Court. In the case of Whitson v. American Ice Co., 164 La. 283, 113 So. 849, it was held that the costs for

which defendant could require plaintiff to give bond were not the ordinary costs of the suit for which the sheriff and clerk, under Act No. 203 of 1898, § 5, could require security, but such costs as the defendant would probably have to pay, or be responsible for, in advance of judgment, such as fees of expert witnesses, under article 462 of the Code of Practice, and expenses involved in taking depositions. No such costs were incurred in the present case. It could have been easily foreseen that none would be incurred, taking into consideration the facts and nature of the case. Had the motion to require bond for costs been contested on its merits, the court would doubtless have held, and properly so, that plaintiff was without right to require the security demanded.

The 1926 act does not provide for the giving of notice to a plaintiff of the filing of the motion for security for costs. Since the demand may be made by motion, it would seem that, if so made in open court, as was done in this case, all concerned had constructive notice of the filing. The rules of the court would have some bearing on this phase of the matter. These are not before us. However, we do not think we are called upon to pass definitely on this point.

While the act does say that, if the security is not given within the time fixed by the court, the case "shall be dismissed as in case of non-suit" (section 1), yet we do not think the law intended to strip the court of all discretion in that connection. Exceptional cases could arise wherein a strict enforcement of the law would unnecessarily work hardship and cause unnecessary prolongation of litigation. It requires an order of the court to dismiss a case, whether it be as of nonsuit or otherwise, and, where the security for costs was filed after the period fixed by the court, but before the court had been asked to dismiss the case because the security had not been timely filed, we think a motion then to dismiss came too late; at all events, the judge had some discretion in the matter. His exercise of such discretion against mover has injured no one, but has obviated the institution of another suit. He could have extended the time had he been asked to do so.

## The Merits.

It appears that J. D. Beard for several years prior to and including the year 1932 leased from J. L. Brunson, a merchant and gin operator in Natchitoches parish, La., a tract of about 40 acres of farm land, and that, according to his and his son's testimony, he turned the land over to the sons to work on their own account, during the year 1932. The owner was due to receive one-fourth of the cotton and one-third of the corn produced thereon. The sons planted and cultivated a crop of corn together, but kept their cotton crops separate. It was the interest of Noel

Beard in the cotton and corn produced on the land in 1932 that was seized herein. There are now only three bales of cotton and the seized corn involved in this case.

It is established by the testimony that J. D. Beard owned and lived on a farm some two miles from the land cultivated by his sons, Robert and Noel, and that he made a crop thereon in 1932. Noel was of age, not married, and boarded with his father. He owned and worked his own team in the production of the 1932 crop, and carried a credit account with his landlord, Mr. Brunson, for advances to pay cotton pickers. The father, it is shown, contributed nothing to the production of the crop, exercised no control over it, and was never seen by the neighbors, who testified in the case, in or about the crop as it was being cultivated and harvested.

The lower court properly held that the seized cotton and corn were the separate crops of the intervener, and, of course, not subject to his father's nor his brother's obligations.

### Attorney's Fees and Other Damages.

■■ After intervener's property was seized herein and advertised for sale, he filed with the sheriff his affidavit of ownership thereof and the nature of his title thereto, and requested a release of the seizure, of which plaintiff had notice. Plaintiff refused to authorize the release of the property from the seizure, and provided the sheriff with bond of indemnity to protect him against exposure to damages, should the seizure be held illegal. The cotton and corn were thereafter sold by the sheriff. There is an agreement in the note of evidence as follows: "It is agreed by counsel for third opponent and intervenor and counsel for plaintiff that, in event the court awards the property to the intervenor and third opponent, that he shall use his discretion in fixing the amount of the attorney's fee."

Intervener asked for $40 as attorney's fee. The court gave judgment for this amount. It is not excessive. There is no complaint in this court as to this allowance. The lower court also gave intervener judgment for an additional $25 for "loss of time." Intervener testified that he had lost as many as ten days going to Natchitoches and Coushatta to see his attorney and attending court in regard to his case, and that on each of these days he could have earned $1 picking cotton. The intervention was filed in December, 1932, the property was sold by the sheriff in January, 1933, and the case was tried in April following. There was no cotton to be picked during these months. As a rule, no damages are recoverable for time employed in preparing a defense to a suit, or for that consumed in attending the trial; and especially is this true when the seizing creditor has acted in good faith, with lack of malice, and in an honest effort to collect what is admittedly due him. Chatman v. Wren & Turner, Inc., 11 La. App. 224, 123 So. 483.

For the reasons assigned, the judgment appealed from is amended by reducing the amount thereof to $40, and, as amended, it is affirmed, with costs in both courts.