## NORTON v. PEREZ.
### No. 16958.

Court of Appeal of Louisiana, Orleans.
May 2, 1938.

Thos. E. Furlow and E. Scharpe Landry, both of New Orleans, for appellant.

John R. Perez in pro. per.

WESTERFIELD, Judge.

Dr. E. L. Norton brought this suit on September 16, 1937, against John R. Perez on a promissory note calling for the sum of $245. On September 20, 1937, defendant, without otherwise pleading, appeared and filed the following motion:

"On motion of John R. Perez, in propria persona, and on suggesting to the Court that defendant desires that Dr. E. L. Norton, plaintiff, be ordered to furnish security for plaintiff's costs.

"It is ordered by the Court that Dr. E. L. Norton, plaintiff furnish security for costs in favor of John R. Perez, defendant in the sum of Fifty ($50.00) Dollars within ten days and in accordance with the provisions of law.

"Pointe-a-la-Hache, Plaquemines Parish, Louisiana, September 20th, 1937."

On October 18, 1937, the following judgment of nonsuit was entered:

"On motion of John R. Perez, in propria persona, defendant in the above numbered and entitled suit and on suggesting to this Court that on the 20th day of the Month of September, 1937, your mover filed herein motion to require the plaintiff herein, Dr. E. L. Norton, to furnish security for costs; that on the 20th day of the Month of September, 1937, this Court ordered the said plaintiff, Dr. E. L. Norton, to furnish security for costs in favor of your mover, defendant herein, John R. Perez, in the sum of Fifty ($50.00) Dollars, within ten days and in accordance with section 4 of Act No. 136 of 1880 (Act No. 111 of 1926) and the amendments thereof; that more than ten days have expired and that the said plaintiff has failed to furnish said security for costs and that in default thereof this suit should be dismissed as of non-suit.

"It is ordered that the suit of Plaintiff herein, Dr. E. L. Norton be accordingly dismissed as of non-suit.

"Judgment read, rendered and signed at

"Pointe-a-la-Hache, Plaquemines Parish, La. October 18th, 1937."

Plaintiff appealed devolutively to this court attacking the judgment upon two grounds: First, because there "was no legal authority for requiring the plaintiff to give security for defendant's costs," and second, because "neither plaintiff nor his attorney of record had any notice of the order requiring such security or knew of it."

The first ground upon which plaintiff relies is based upon the contention that the right to demand a bond for costs under this statute does not extend to ordinary costs for which the plaintiff is always pri-

marily liable and for which the defendant cannot be held responsible until he is cast in judgment.

Section 1 of Act No. 111 of 1926 reads as follows: "Be it enacted by the Legislature of Louisiana, That the defendant before pleading in all cases, the Parish of Orleans excepted, may by motion demand and require the plaintiff, third opponent or intervenor to give security for the cost in such case, and on failure to do so within the time fixed by the Court such suit, third opposition or intervention, as the case may be, shall be dismissed as in case of non-suit; provided this shall not apply to cases brought in forma pauperis, nor to the state or any political subdivision thereof."

■ In Whitson v. American Ice Company, 164 La. 283, 113 So. 849, 850, the Supreme Court, through Chief Justice O'Niell, on the first occasion which that court had to construe Act No. 111 of 1926, declared that it was not the intention of that statute to require a plaintiff to post security for such costs as was ordinarily incident to the progress of the suit, but only such extraordinary costs as might be involved for the payment of "fees of expert witnesses, auditors, surveyors, or other scientists, whose services or opinions may be needed in defense of the suit * * * which the plaintiff may be finally condemned to pay. Code of Practice, art. 462; Act 19 of 1884, p. 25. A defendant may also find it necessary to take the depositions of witnesses under commission, and may have to pay in advance or be responsible for the notary's fees or other expenses which may be taxed as costs of court and which the plaintiff may ultimately be condemned to pay. As to such court costs alone—which the defendant may have to pay or be responsible for in advance of a judgment determining who shall pay the costs—the Act 111 of 1926 is applicable. It is not applicable to the court costs generally, which the defendant in a case is not at all responsible for unless and until he is finally condemned to pay them. Security for the payment of such costs, in the parishes other than the parish of Orleans, is provided for in the fifth section of the Act 203 of 1898, p. 490, which allows the clerk of court or the sheriff to demand of the plaintiff security for costs at the time of filing the suit, and to demand additional security at any time thereafter, and allows those officers to collect all court costs semi-annually, on the 1st day of January and 1st of July, during the pendency of the suit.

That statute is not in conflict with the Act 111 of 1926 and is not thereby repealed." See, also, Hardee v. Beard, La.App., 152 So. 359; Buckley v. Thibodaux et al., 181 La. 416, 423, 159 So. 603.

The Whitson Case also held that where a bond for costs is asked for under Act No. 111 of 1926, the necessity therefor must be shown by the defendant and that where there is no evidence in the record showing that the defendant was about to incur an expense or liability which might ultimately be taxed as costs, the bond should not be required.

In the instant case, there is no evidence of any sort touching upon the necessity for extraordinary costs or upon any other subject. Defendant in his brief informs us that his reason for the requirement of the bond was explained orally to the learned judge, a quo, to be the expense involved in taking testimony by deposition of an expert witness. In the Whitson Case the same situation obtained, perhaps, a little stronger from the defendant's standpoint because of the return of the trial judge evidencing the attorney's statement.

"The judge of the district court, answering the rule to show cause why the relief prayed for should not be granted, says that his reason for requiring a bond for as much as $1,000 was that the defendant's attorneys informed him, when they made demand for a bond for costs, that they intended to ask for a survey and to summons expert witnesses, whose fees the defendant would have to advance or be responsible for."

The court held that such showing was insufficient: "The record in this case, a copy of which was sent up in response to the writ of certiorari, does not show that the defendant was about to incur any expense or liability for fees which might ultimately be taxed as costs against the plaintiff. The only record in that respect is a typewritten ex parte order, apparently prepared by the defendant's attorneys, saying that, on their motion and their 'suggesting to the court that plaintiff herein should furnish a bond for costs in this matter, it is ordered that the plaintiff do furnish a bond for costs in this matter in the sum of one thousand ($1,000) dollars.' The amount is written in with a pen."

■ The Whitson Case is directly in point and controlling here where the conditions under which the cost bond was re-

quired are identical except in amount, consequently, the judgment dismissing plaintiff's suit as of nonsuit was improvidently rendered.

Because of the view we entertain concerning the first point urged by plaintiff it is unnecessary to consider the other ground with respect to notice, upon which the judgment is attacked.

For the reasons assigned the judgment appealed from is annulled, avoided, and reversed and it is now ordered that this cause be remanded to the Twenty-Fifth judicial district court for the parish of Plaquemines, for. further proceedings according to law and not inconsistent with the views herein expressed. The cost of this appeal to be paid by defendant, reserving to defendant, however, the right on a proper showing to demand at once, or whenever the necessity may arise, security for any court costs which he may actually have to incur or be responsible for in advance of final judgment condemning either party to pay such costs.

Reversed and remanded.