CULPEPPER, Judge
(dissenting).
There are two questions of law in this case: (1) The only one argued by counsel in their briefs is stated in relators’ brief as follows: “The essential question of law presented is whether or not a litigant can be compelled to advance funds to secure an adversary, where there is presented no evidence whatsoever to support the application of the provisions of LSA-R.S. 13 :- 4522.” (2) The second issue is whether the particular kinds of costs for which defendant requests security are covered by the statute in question.
The majority opinion does not make an express ruling on the first issue. It says the defendant “must show the necessity for a bond for costs” and that in this case he “did not allege or prove a need for incurring expenses which may ultimately be taxed to the plaintiffs.” (Emphasis supplied) By this language I cannot determine whether the majority is holding that the defendant must introduce evidence at the hearing in order to show the necessity for security. Since this is the only issue raised by counsel and is a crucial question in the case, I think we should answer it.
The relator contends that Whitson v. American Ice Company, 146 La. 283, 113 So. 849 (1927) holds the defendant must in every case introduce evidence to support his motion for security for costs under LSA-R.S. 13:4522. I do not agree the Whitson case goes this far. I think the nature of the “showing” required of the defendant is within the discretion of the trial judge.
In Whitson defendant filed a motion for an ex parte order requesting security for costs in the sum of $1,500. The motion gave no reasons whatever for the request and no hearing was held. The judge fixed the amount of the bond at $1,000. The court noted that Act 111 of 1926, the source statute of LSA-R.S. 13:4522, does not expressly state what showing is required to support the necessity for security or how the amount is fixed. The opinion states:
“The determining of the amount of security to be given in any judicial proceeding, particularly the amount of security for the payment of court costs, is essentially a judicial function; and when a statute authorizes the judge to require a litigant to give security for the court costs, and does not say how the amount of the security shall be fixed or determined, the judge, having authority to require the security has the authority, necessarily, to fix the amount according to his discretion and the showing made by the party demanding the security.”
The rationale of Whitson is further stated in the decision as follows:
“It is not the duty of the plaintiff in such case to show that, as far as the defendant is concerned, there is no necessity for a bond for costs, or to show how small a bond will suffice. The burden is on the party demanding the security to show how large a bond is necessary to protect him. 15 C.J. 207, par. *576 SOI. Some discretion in that respect is left with the judge, to be exercised, however, with due regard for the actual necessity for a bond and for the interest or motive of the party demanding it.”
In Whitson no reasons were given in the motion, no hearing was held and no “showing” whatever was made to support the request for security. The Supreme Court required a “hearing” and a “showing”. But it did not say the “showing” must in every case be by evidence introduced at the hearing.
I find no Louisiana case defining the word “showing”. However, cases from other jurisdictions indicate it has various meanings, depending upon the context. In Spalding v. Spalding, N.Y., 3 How.Prac.297, the word “showing” in a statute was construed to require proof by evidence. In First National Bank of Cheyenne v. Swan, 3 Wyo. 356, 23 P. 743, the term “showing” in a statute on attachments was held not to mean merely “alleging” or “stating” but required that plaintiff show good reason for his belief by making it apparent or by supporting affidavits. In Carr v. Industrial Commission, 2 Ariz.App. 307, 408 P.2d 411, the court held the “showing” required under a workmen’s compensation case could not be made ex parte but required some notice to all parties concerned and a hearing before the Commission.
There are many Louisiana statutes which require a “showing” in a context which obviously indicates it does not mean that evidence must be introduced. For instance, see LSA-C.C.P. Article 3604 which states in part: “A restraining order, for good cause shozvn and at any time before its expiration, may be extended by the court for one or more periods not exceeding ten days each.” (Emphasis supplied) Under this statute, good cause may be “shown” by the reasons set forth in the motion.
I find no authority to support the contention that the word “showing” must be construed in every case to mean that evidence must be introduced.
I think a “showing” in the present case could be made in several ways. For instance, it could be made by facts alleged in the motion, by supporting affidavits, or by arguments of counsel at the hearing. The nature of the showing required should be left largely to the discretion of the trial judge. We should not limit this discretion by requiring that in every instance evidence must be introduced.
Applicable here is the following from our Code of Civil Procedure:
“Art. 963. Ex parte and contradictory motions; rule to show cause
“If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
“If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
“The rule to show cause is a contradictory motion.”
In my view, Article 963 gives the trial judge discretion to determine whether supporting proof is required for motions which are heard contradictorily. There are motions, such as the one at issue in the present case, where, although the mover is not clearly entitled to the relief sought and a hearing by rule to show cause is necessary, the matter can best be determined from the showing made in the pleadings and the arguments of counsel.
For instance, suppose evidence is required in the present case. What evidence would be introduced? The only person who really knows the necessity and amount *577 of security for costs prior to judgment is counsel for the defendant. Are we going to say that he must take the witness stand and testify under oath as to how he plans to present his defense, what depositions he plans to take, what expert testimony must be secured and how much all of this is going to cost? He can do this better by alleging these facts in his motion and arguing the matter at the hearing.
Suppose the defendant himself were placed on the stand and asked why he needs security for costs in advance of judgment and the amount required. His answer would probably be “I don’t know. You’ll have to ask my lawyer.”
Does the holding of the majority mean that at the hearing we are going to have to take the testimony of the witnesses whose depositions are sought in order to determine whether the depositions are necessary to defendant. Surely, this can be set forth in the motion and stated in argument.
The relator also relies on Norton v. Perez, 180 So. 878 (Orl.App.1933) which construes Whitson as requiring that in every case evidence must be introduced at a contradictory hearing on a motion for security for costs. My answer to Norton is that we are not bound by it and I think it erroneously construes Whitson.
The second issue in the present case is whether the particular kinds of costs for which defendant requests security are covered by LSA-R.S. 13:4522. In his motion the defendant requests bond for three kinds of costs: (1) 39 depositions at $60 each, a total of $2340; (2) subpoenaing 10 additional witnesses; (3) transcribing the testimony of the 49 witnesses, the costs of which is estimated at $2940. The total bond requested is $5,280.
For the reasons stated in the majority opinion, I agree the defendant is not entitled to bond for the costs of subpoenaing the 10 witnesses or transcribing the testimony. The defendant will not have to pay for, nor obligate himself to pay, these costs in advance of judgment. The Whitson case is clear authority that these types of costs are not covered by the statute.
However, depositions are covered by the statute. The Whitson case expressly lists depositions as an example of the types of costs for which security may be required. The majority opinion holds that defendant did not make a proper showing of the necessity for any of these depositions in order to prepare his defense. I disagree.
In his motion for security for costs the defendant alleges: “In the defense of this suit and in advance of the rendition of judgment, mover will be compelled to pay as costs of court at least $5,280 as set forth below.” With reference to the depositions the motion alleges: “For use as evidence at the trial, mover intends to take the testimony of (then follows a listing of the 39 witnesses) * * * The taxable costs of taking said depositions will amount to at least $60 per person for 39 witnesses or $2,340.”
No evidence was introduced at the contradictory hearing on the motion but counsel for plaintiffs and defendants were present and gave arguments to support their respective positions. This is apparent from the written ruling of the trial judge as follows:
“This Court is also aware however that not all depositions end up as a court cost. A deposition can only be charged as a court cost if it is actually introduced into evidence at the trial of the case. It is impossible to state at this time whether any or all of the prospective depositions may be used.
“Nevertheless from experience and taking the statement of counsel as a guide, it would appear probable that some of the depositions may be used.
*578 “Accordingly, it is the opinion of this Court that the defendant would be adequately protected, at least at this time, if the plaintiffs furnished a bond for costs in the amount of $500.00.”
I think it is clear that the necessity for depositions was sufficiently alleged in defendants’ motion. And, although we do not have in the record a transcription of the arguments made by counsel at the hearing, we can rely on the written opinion of the trial judge that sufficient reasons were given by respondents’ counsel to show the necessity for at least some of the depositions. Thus the requirements of the Whitson case were met. A contradictory hearing was held and a showing of the necessity and cost of the depositions was made in the allegations of the motion and the arguments of counsel.
Summarizing, I think the trial judge has correctly construed the statute and the cases. The application of these rules in the present case was within his discretion. His ruling should be affirmed.