### No. 9869.

### JEAN M. LEVET VS. ANTOINETTE AND CHARLES LAPEYROLLERIE.

The servitude of drain through a canal is continuous and apparent and may be acquired by
    possession of ten years.

When such a servitude is established in favor of an estate owned by a partnership over a
    contiguous estate belonging to one member of the partnership, the possession by the
    firm for ten years will sustain the ownership.

In absence of any stipulation to that effect, such right will be presumed to be a real servi-
    tude.

APPEAL from the Twenty-sixth District Court for the Parish of
St. John the Baptist.   *Rost*, J.

---

*T. J. Semmes & Legendre* for Plaintiff and Appellee:

Servitudes are divided into two classes: personal and real.   C. C. 646.
A personal servitude is one established for the benefit of a person, such as usufruct, use,
    habitation and antichresis.
A real servitude is one established on an estate for the benefit of another estate.
Examples: right of drainage, right of pasturage, right of watering.   C. C. 721.
Servitudes are continuous or discontinuous, apparent or non-apparent.
A servitude of drainage is continuous and apparent.   C. C. 727, 728.
It can be acquired by ten years' prescription.   C. C. 765; 34 Ann. 568; 33 Ann. 797; 7 La. 55.
Prescription attaches to a right the moment it can be exercised.   Hence, in matters of real

Levet vs. Lapeyrollerie.

servitude (drainage), it begins to run from the time that the right is exercised, and from the time that the works necessary for the exercise of it are constructed. C. N. 642, Marcade, p. 561; Demolombe, vol. xii, pp. 268, 269; Aubry & Rau, p. 80; Zacharie. p. 79; Toullier, vol. iii, p. 479, § 479; Laurent vol. vii, p. 236; Hennen, vol. ii, p. 1227.

A partner may establish on his individual property a real servitude in favor of an estate belonging to a partnership of which he is a member. In such a case the respective estates are held by different owners, the partnership being distinct from the members composing it. Aubry & Rau, p. 63; Demolombe XII, § 696; Zacharia, Vol. III, p. 63, § 47; 16 Ann. 275.

In cases of doubt, the court is to decide in favor of the real servitude. Dalloz, Servitude, No 28.

The destination made by the owner is equivalent to title with respect to continuous, apparent servitude. C, C. 649; 6 R. 16; 1 Ann. 407; 3 Ann. 166.

If the owner of two estates between which there exists an apparent sign of servitude sell one of the estates, and if the deed of sale be silent respecting the servitude, the same shall continue to exist in favor of the estate which has been sold. 35 Ann. 469; 29 Ann. 633; 5 Ann. 590; 5 R. 16; 16 Ann. 275; 12 Ann 108; Marcade, p. 642; Aubry & Rau.p. 86.

A right of servitude is indivisible by its nature and is inseparable from the estate to which it belongs. C. C. 656-657.

Warranty is implied in partitions of property between co-owners, in the same manner and to the same extent as between co-heirs. C. C. 1290, 1384 to 1397.

He who receives part of the proceeds of a sale, ratifies it and is estopped from questioning the title of the purchaser. 32 Ann. 121;

He who, by his words or conduct, causes another to believe in the existence of a certain state of things, on the faith of which the latter has acted, is estopped from averring a different state of things. 4 Ann. 293; 5 Ann. 366; 6 Ann. 274; 30 Ann. 30.

## *J. D. Augustin, L. DePoorter* and *G. Leche* for Defendants and Appellants:

Possession *nomine proprio* is of the essence of the possessory action. 32 Ann. 192, Dooley vs. Gibson; see also 2 Ann. 749; 4 Ann. 525; C. C. 3441, 3510, 3511, 8514.

Prescription (if applicable at all here which is denied) is governed by the same rule as to the possession necessary to initiate its starting point. R. C. C. 3478, 3479, 3489, 3490; see also as to title and requisites for prescription. 12 Ann. 730; 12 M. 17; 5 Ann. 594; 6 Ann. 683.

One who holds as agent cannot prescribe. 30 Ann. 808.

A possessor by a precarious title cannot, by selling and buying back the property, acquire a title as a basis for prescription. 10 Ann. 580.

A partner is only the agent of the partnership for purposes of administration of its affairs and property. C. C. 2870.

In actions of partitions involving a settlement of claims and accounts, no prescription is applicable except that which is a bar to the partition. 16 Ann 170, Chapman vs. Woodward; 14 Ann. 740.

The same rules of partitions, and the same as to the obligations of the partners *inter sese*, apply as in cases of successions. C. C. 2890.

If the use only of specified property has been brought into the partnership, and that property is such of a nature that it may be used and enjoyed without destroying it, the ownership remains in the partner who brought it in and is at his risk. C. C 2863; see also on partnership, C. C. 2808, 2801; 22 Ann. 503; 3 R. 488; 3 Ann. 319.

Statutes of prescription and limitation cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law. 15 Ann. 143, Garland vs. Scott.

In the absence of a title, and exclusive adverse individual possession thereunder, plaintiff could only prescribe by thirty years, for a continuous apparent servitude, the others being imprescriptible. C. C. 3504; Troplong de la Prescription, Vol I, sec. 408, p. 519; Ib. Vol. II, sec. 556, p. 439; Toullier 3, par 61 *et seq.*; Servitudes, pars. 356, 373, 443, 458, 450, 461.

A use for the benefit of a partnership, through the estate of an individual partner, cannot be presumed to have been intended by the partner as being a dismemberment of a real

nature in favor of the partnership estate itself, said use lapsing with the closing and end of the partnership. C. C. 647, 648, 753, 768.

A service is not a servitude; and a servitude may be personal as a service, even if the estate belonging to the person be benefited in some way by the service; the real character of the service cannot be presumed, and cannot be created by lapse of time, unless the estates belong to distinct persons, and an adverse, uninterrupted, exclusive, public possession can be predicated. Above authorities and R. C. C. 640; C. C. 3483, 3489, 3490, 3514

Prescription is not favored, but is *strictissimi juris*, like homestead laws and never supplied This is elementary.

At any rate, the restoration of the natural drainage of tract C by Mr. Edrington opening the dam and leaving it so for over two months, was an interruption of the prescription of the cross drainage, if any such could ever have been either intended, contemplated or imagined. 37 Ann. 250.

The essence of the partnership bond is good faith and honesty like in marriage; and the attempt to convert into a prescriptive title, after the death of a partner, a service granted previously to the firm, is in bad faith and should be *discouraged*.

A natural servitude by the situation of the estates in the peculiar position of the alluvial lands of Louisiana especially, need not be by title nor prescription, of course; but artificial servitudes of a real and perpetual nature must be by contract; or may be by prescription in case of continuous, apparent servitudes, if the possession be adverse, exclusive, notorious, public and uninterrupted, during the period expressly fixed by law. C. C. 471, 2440, 2275; 32 Ann. 839, Bailey vs. Ward.

The opinion of the Court was delivered by

FENNER, J.   This case involves the claim to a servitude of drain, and the following diagram exposes the situation of the estates concerned:

RIVER • ◄———⟫⟫⟫—

The facts are as follows:

In 1866 the partnership of Levet & Lapeyrollerie acquired the tract A.   In 1867 the same partnership acquired the tract C.

In the same year J. M. Lapeyrollerie, a member of said partnership, became the individual owner of the tract B.

The natural drainage of tract C was to the rear, but the owners of the rear lands having obstructed the same, in 1871 the partnership of Levet & Lapeyrollerie, with the consent of Lapeyrollerie, dug the canal indicated in the diagram, running from the tract C across tract B, and emptying into a canal in tract A, which conducted its waters to the rear.

From that date the waters from tract C have enjoyed uninterrupted outlet through this canal.

In 1883 the partnership of Levet & Lapeyrollerie was dissolved by the death of the latter.

A judicial partition was effected between the heirs of Lapeyrollerie and the surviving partner, Levet, which was made by sale of the common property, and the tracts A and C were adjudicated to Levet, to whom the said tracts were duly transferred, "with all the rights, ways, privileges, improvements and appurtenances thereunto belonging.

In 1884 the heirs of Lapeyrollerie, owning tract B, attempted to close the canal, when the present plaintiff, claiming a servitude of drain in favor of tract C, through said canal, acquired by a possession of ten years, brought the present suit for a perpetual injunction, restraining defendants from any acts interfering with it.

The servitude claimed is a *real* servitude.  C. C. 646, 714.  It is *continuous*.  C. C. 727.  It is *apparent*.  C. C. 728.

The Code provides that "continuous and apparent servitudes may be acquired by title or by a possession of ten years."  C. C. 765.

There is no dispute that the servitude here has been possessed or enjoyed for more than ten years, without interruption.

The defendants contend, however, that the owner of tract C cannot claim the benefit of such possession, because, up to the death of Lapeyrollerie, said owner was a partnership, of which their said ancestor was a member.  The proposition has no support in reason or authority.  The partnership was a distinct entity entirely separate from the individual members, capable of acquiring such a servitude by title from the member Lapeyrollerie, and equally capable of acquiring it by possession for the requisite length of time.

It is next claimed that the right of drain here involved is not a real servitude properly so-called, but a mere personal right established in favor of the partnership, and expiring with it, under C. C. 758.

This contention cannot be sustained under the plain language of the Code, Arts. 754, 755, 756, 757.

Where a servitude is acquired by title, the act stipulating it may validly declare whether it is in favor of the estate or only in favor of the owner, and such stipulation will receive full effect. But Art. 755 says that in case of silence of the act, it is to " be considered whether the right granted be of real advantage to the estate, or merely of personal convenience to the owner." And Art. 756 provides that " if the right granted be of a nature to assure a real advantage to an estate, it is to be presumed that such right is a real servitude, although it may not be so styled."

Plaintiff is entitled to the full benefit of this presumption in this case, where there was no express title, and where the evidence conclusively shows that the servitude was established for the benefit of tract C, and is of such advantage to it that, without it, the tract could not be successfully cultivated.

Defendant's pretensions are the less worthy of consideration when raised, for the first time, after the partition sale, at which the price paid for tract C would have been doubtless reduced had it been supposed that its established servitude of drain would be disputed. We think the district judge did justice in the case.

Judgment affirmed.