BREAUX, C. J.
The action is petitory. Plaintiffs alleged that the land, aggregating 50 acres, is worth the sum of $2,500.
Motion to Dismiss.
Defendant (appellee) moved in this court to dismiss the appeal, on the ground that this court is without jurisdiction ratione materias ; the value of the property being less than $2.000, as shown by the record and by the testimony of witnesses.
It occurs to us to state that, had plaintiffs not sought in the first place to prove the value of the property, and no motion to dismiss the appeal had been filed, we would not have concerned ourselves about the jurisdictional amount. As it is, however, it appears to us, after having read the testimony, that the property is not worth over $2,000.
We will here state that defendant in his answer to the appeal asks that in the event plaintiffs are declared owners of the land, there be judgment in his ravor for the sum of $1,000, for the value of the improvements placed by him on the land, and that he be permitted to retain the possession until said sum is paid.
The different sales made in comparatively recent years of this land do not show that it is of very great value.
Two hundred acres (of which the 50 acres here in controversy form part) sold to the defendant in 1900 for $500. The sale of the property made since does not show that it is worth more. If anything, it proves that it is of even less value than the amount above stated.
To their witness Richardson plaintiffs propounded a question regarding the value of the property:
“House and improvements on it, what do you think it to be worth?”
The answer was:
“About $800. The rent about $75 per annum.”
The rent for three years is claimed, $225; total, $1,025.
He also valued the land, without the improvements, at $400.
The defendant, Whatley, also testified as to the value of the property, and said that the land had very little value; altogether was not worth $2^000.
Alfred W. Le Combe, a farmer residing near, a disinterested witness, places a low valuation upon this land; for it is low and swampy, and subject to overflow.
He values the land and improvements at considerable less than $2,000.
Learned counsel for plaintiffs meet the issue regarding jurisdiction in a proper way, and do not seek to exaggerate or minimize values. They state in their brief that they alleged on information received the value of $2,500; that their proof failed to show that value. They add that some of the evidence of defendant’s witnesses, which they will not be heard to contradict, shows a value around $2,000.
They also allege that under their allegation they appealed in good faith to the Supreme Court.
Of this we have not the least doubt.
The testimony shows to our mind, beyond question, that the property is not worth $2,-000.
Proof of value is the test of jurisdiction.
*503 The following excerpt from the decision in Pinckney v. Wolf, Admin., 41 La. Ann. 306, 6 South. 27, is pertinent:
“Although averments in the petition and prayer show that the matter in dispute is within the appellate jurisdiction of this court, the appeal will.be dismissed ex proprio motu, as it appears from the record that the matter in dispute is really below the lower limit of such jurisdiction.”
It is therefore ordered, adjudged, and decreed that the áppeal is dismissed, and the request in the brief is granted. On proper oath, the case will be transferred to the Court of Appeal having jurisdiction, to be there decided according to law.