No. 9202.
Orleans

**GRECO v. FRIGERIO, Appellant**

(March 15, 1926. Opinion and Decree.)
(April 12, 1926. Rehearing Refused.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Courts—Par. 128.**
The real and not the fictitious amount involved determined the jurisdiction of this court. Consequently inflated and grossly exaggerated demands for damages will be discounted to something near the probable amount which could be awarded if liability exists.

2. **Louisiana Digest—Servitude—Par. 1, 3, 15.**
A bath room attached to a city residence and supported by beams resting in the wall of an adjoining proprietor creates continuous apparent servitude and may be proved by parol and is subject to the prescription acquirendi causa of ten years.

Appeal from the Civil District Court for the Parish of Orleans, Division "A", Hon. H. C. Cage, Judge.

Action by Vincent Greco against Mrs. Mamie Frigerio.

Judgment for plaintiff.
Defendant appealed.
Judgment reversed.

U. Marinoni, Jr., of New Orleans, attorney for plaintiff, appellee.
Charles Louque, of New Orleans, attorney for defendant, appellant.

OPINION.

WESTERFIELD, J. Plaintiff alleges that he is the owner of the property known as 529 Esplanade Street, which he describes in detail in his petition; that defendant is the owner of the adjoining property; that "the property of plaintiff and that of defendant adjoin and are separated by a division wall which is the exclusive property

of plaintiff"; that defendant has caused to be erected "abutting and resting upon said division wall * * * certain water pipes, shed toilet and bathroom, which are held by and joined to said wall * * * all to the discomfort and loss of property rights of the petitioner and without his knowledge, permission or consent." He asks for $3000 damages and a judgment ordering the defendant to remove all obstructions resting upon his wall.

Defendant, claiming a servitude, pleads the prescription of ten and thirty years.

There was judgment below ordering defendant to remove the bathroom and its support from plaintiff's wall, but denying to plaintiff all damages claimed as not proven.

In this Court following the argument counsel moved for the transfer of the case to the Supreme Court upon the ground that the amount involved exceeded the maximum jurisdiction of the Court. The motion will be denied upon the authority of numerous decisions of the Supreme Court holding that the real and not the fictitious amount in controversy controls our appellate jurisdiction. The sum demanded by plaintiff is obviously inflated and a gross exaggeration of any possible damage he may have suffered. In fact, the trial court who held with plaintiff found no damages at all to have been proven.

The evidence shows that the wall belonged entirely to plaintiff and his authors in title, but, if as contended by counsel for defendant a servitude has been established by a former owner, plaintiff's title was qualified to that extent, for a predial servitude is a real right unaffected by change of ownership. R. C. C. 653.

Plaintiff's ownership of the alleged servient property began January 9, 1922, and defendant bought the property to which it is alleged the servitude is due on January 11, 1921. There is in the record the testimony of one George Paoletti, who swears that about fifteen or twenty years ago he obtained the permission of Mrs. Labosse, the then owner of plaintiff's property, to build the bathroom as at present constructed, and that at that time he, Paoletti, built the bathroom and supported it by inserting beams in the wall dividing the property. There is nothing to controvert this evidence, and, if admissible, it establishes an agreement between adjoining proprietors for the erection of the bathroom complained of, or at least it proves that the bathroom was as presently placed for more than ten years.

But counsel contends that a servitude can only be established by title. This is only true as to continuous non-apparent and discontinuous servitudes, whereas the one contended for here is apparent and continuous, which under express provision of our Civil Code may be proven by parol. R. C. C. 755. Kennedy vs. Succession of McCollam, 34 La. Ann. 568. We quote the following from the cited case:

"Oral testimony is admissible to establish title to a continuous and apparent servitude, where such is claimed to have been acquired by the prescription of either ten or thirty years.

"Title to it can be shown, first, in the same manner that title to real estate is established, that is, by a translative title to which, if valid, confers an immediate and indisputable right, by the prescription of thirty years, with the possession prescribed by law, without any written evidence of title, and in the absence of good faith; secondly, title can also be maintained to such servitudes in two other ways in which real estate cannot be acquired, viz., by destination de pere de famille, which is equivalent to title, and the prescription of ten years, by possession, both of which it is lawful to prove by oral testimony.

"Indeed, destination de pere de famille, as a rule, is not susceptible of written evidence, in such cases, under the sanction of law. R. C. C. 767 (763), 769 (765); Delahoussaye vs. Judice, 13 La. Ann. 588.

"In relation to the acquisition of such a service by the prescription of ten years, no written evidence is necessary. The fact of the possession with the characteristics thereof, as prescribed by law, is all that is required. Article 53, Chapter IV, Section 11 of the Code of 1808, was to the effect that, 'perpetual and apparent servitudes could be acquired by title or by a possession of thirty years,' but it was modified by the compilers of the Code of 1825, so as to read that, 'continuous and apparent servitudes may be acquired by title, or by a possession of ten years,' striking out the word thirty and substituting the word ten; by making provision in Article 3470 for the acquisition, by prescription, by the longer term. Articles 765 and 3504 of the Revised Civil Code of 1870.

"When making this change the compilers observed: 'Nous avons pense que le terme de nix ans, qui etait celui exige par les anciennes lois de cet etat suffisant pour le prescription des servitudes continues et apparentes.' They then referred to Partida 3, tit. 31, law 15, which is to the effect that if the service be of such a nature that it is daily used without labor on the part of the person who enjoys it, as if it be an aqueduct, * * * and a neighbor makes use of it during ten years, acting in good faith, believing that he had a right to do it, * * * using no force, he will then acquire the service * * * by prescription. It is manifest that this mode of acquiring a right to a continuous and apparent servitude can be established by oral testimony, when there exists no written evidence to justify title.

"There is no antagonism between the two articles; that which refers to the prescription of ten years relates to those cases in which good faith is required; the other, which mentions the prescription of thirty years, concerns the cases in which no good faith is required, and therefore applies to those where the possession is even characterized by bad faith."

Counsel further contends that the right to support the bathroom was personal to the owner who acquired it and did not pass with the property as a real servitude, citing Articles 754 et seq. of the Revised Civil Code. We do not think so. In the first

place, a servitude is presumed to be for the benefit of the estate. Levet vs. Lapeyrollerie, 39 La. Ann. 214, 1 South. 672. In the next place, a bathroom, the supports to which rest in a wall some five or six feet distant from the side of the house, so as to create a sort of architectural hyphen, as the record shows was the case here, is so obviously advantageous to the property possessing the bathroom as to permit of little discussion. The fact that bathing is a personal habit can not affect the situation.

Our conclusions are that a servitude, continuous and apparent, has been shown to be due by plaintiff's property, which has existed for more than ten years.

Under the circumstances we will not consider the claim for damages nor the other defenses urged by defendant.

For the reasons assigned the judgment appealed from is reversed, and it is now ordered that there be judgment in defendant's favor dismissing plaintiff's demand.