No. 4072

Second Circuit

(Second Division)

———

PERRITT & LAWHON v. BUTLER
(WERNER, Intervener)

———

(May 4, 1932. Opinion and Decree.)

———

Argued before STEPHENS, CULPEPPER and TALIAFERRO, JJ.

John T. Campbell and Coleman Lindsey, of Minden, attorneys for plaintiff, appellee.

R. F. Langston, of Minden, attorney for intervener, appellant.

TALIAFERRO, J. Plaintiff brought suit against defendant to recover $80.39 on open account and to enforce lien and privilege as furnisher of supplies and money on some 24 cords of pulp-wood, which was sequestered.

Alex Werner intervened in the suit and asserted ownership of the sequestered wood. He alleged that some time prior to the seizure defendant sold and delivered said wood to him, and that it was in his possession when seized. He claims damages of $35 for attorney's fees and $15 for loss of time, etc., expended in protecting his rights.

Defendant, a colored man, did not answer either the main suit or intervention. The controversy is limited to plaintiff and intervener.

The lower court gave plaintiff judgment for the amount sued for, but set aside the sequestration, and condemned defendant for costs, excepting that incurred in taking down and transcribing the evidence.

Intervener was recognized as the owner of the sequestered pulp-wood, but was condemned to pay the fee of $40 for taking down and transcribing the testimony. His claim for damages was rejected. He has appealed.

In this court plaintiff has filed motion to dismiss the appeal on the ground that less than one hundred dollars is involved. Mover overlooks the fact that not only the value of the property in dispute but also the amount of damages sought is to be considered in determining the question of jurisdiction. The pulp-wood is shown to be worth over $75 and if we add to this the two items of alleged damages the total exceeds one hundred dollars. Hodge v. Mercantile Co., 105 La. 669, 30 So. 142.

Attorney's fee incurred by an intervener to have his property unlawfully seized restored to him is a proper element of damages on dissolution of a writ.

Dyke v. Walker, 5 La. Ann. 519; Gilkerson-Sloss Com. Co. v. Yale, 47 La. Ann. 690, 17 So. 244; Gilkerson-Sloss Com. Co. v. Baldwin, 47 La. Ann. 696, 17 So. 246; Chatman v. Wren & Turner, Inc., 11 La. App. 224, 123 So. 483.

If such fees are proper elements of damages in a contest involving illegal issuance of writs, it follows that the quantum of such fees is a part of the amount in dispute and properly finds place in any consideration of the court's jurisdiction ratione materiae.

The motion to dismiss is denied.

### MERITS

The lower court held that plaintiff had no lien and privilege on the pulp-wood seized, as the law granting such privileges to furnishers of supplies and money did not include pulp-wood. Plaintiff has not appealed and has not asked for any amendment of the lower court's judgment, but on the contrary, in brief, prays that should the appeal not be dismissed that the judgment be affirmed. No complaint is made of the trial judge's findings on the facts.

With regard to the amount of attorney's fees claimed by intervener and loss sustained by him on account of time and attention given this case, the record is not convincing. As to the latter item no figures whatever are given and therefore nothing should be allowed. He states that his counsel fee in the intervention was $35. His evidence is not supported by other testimony as to whether such fee is reasonable in view of the small amount involved and the nature of the services rendered. However, the services of an attorney to protect his rights were necessary and some amount should be awarded to indemnify him on that account. The court

has the right to apply its own knowledge of such matters in a given case and fix the fee deemed by it as reasonable. We think $20 sufficient.

In view of plaintiff's position there is left but one other question for us to consider and that is the fixing of the costs for taking down and transcribing the testimony introduced at trial of the case.

The trial judge has this to say in justification of his ruling that intervener should pay this cost from proceeds of sale of the pulpwood, viz.:

"At the time of the trial of this case the question of having the testimony taken down by the court reporter came up, and counsel for intervener insisted that over $100.00 was involved and ordered the testimony taken and transcribed. I am still of the opinion that less than $100.00 is involved in the case. * * * It seems to me it would be unfair to force either plaintiff or defendant to pay for this testimony. The negro was in no way to blame and plaintiff did not want it taken down."

This reasoning would be sound if the appeal should be dismissed for lack of jurisdiction, but since the appeal has been sustained it follows that the fixing of responsibility for costs should take its normal course.

For the reasons herein assigned the judgment of the lower court is amended by decreeing plaintiff responsible for the costs incurred in taking down and transcribing the evidence introduced on trial of the intervention herein, and condemning plaintiff to pay intervener $20 as attorney's fees for which amount there is judgment in favor of intervener with legal interest from date of this judgment, and, as thus amended, the judgment appealed from is affirmed.