## RICHLAND STATE BANK v. BROCK et al.
### No. 5588.

Court of Appeal of Louisiana. Second Circuit.

Dec. 3, 1937.

Warren Hunt, of Rayville, for appellants.

W. D. Cotton, of Rayville, for appellee.

HAMITER, Judge.

The record in the instant case discloses that this plaintiff obtained a judgment against defendant J. A. McCoy herein in case No. 9466, on the docket of the Fifth district court in and for the parish of Richland, for the sum of $2,000, with 8 per cent. interest thereon from February 21, 1931, plus 10 per cent. additional as attorney's fees, and all costs of suit, with recognition of a mortgage on certain real estate located in Richland parish. Thereafter a writ of fieri facias issued under the judgment, and the mortgaged property was seized by the sheriff and advertised for sale at public auction on January 2, 1937.

Prior to the date fixed for the holding of said sale, and particularly on December 18, 1936, the defendant obtained an order from the debt moratorium commissioner of Louisiana, under the authority of Act No. 2 of 1936, suspending all laws or parts of laws, of the state of Louisiana relative to the enforcement of the debt covered by the above judgment for the period ending December 18, 1937.

Subsequently, plaintiff instituted this suit against said defendant and the debt moratorium commissioner for the purpose of obtaining a judicial review of the aforementioned suspension order, and also for the effecting of its annulment.

In due course, the case was placed at issue through answers filed by both defendants.

A trial resulted in a judgment in plaintiff's favor revoking and setting aside the debt moratorium commissioner's order and authorizing the execution of the above-described moneyed judgment. Both defendants appealed to this court.

The authority granted and procedure prescribed by the Legislature for a judicial review of orders or decisions of the debt moratorium commissioner are found in section 8 of Act No. 2 of 1936, which reads as follows: "Any party who has an interest in the subject matter and who is a party to any proceeding under this Act before the Debt Moratorium Commissioner shall have the right to apply either to the district court of the Parish of East Baton Rouge or to the district court of his domicile for a review, contradictorily with the Debt Moratorium Commissioner, of any order or decision of said Commissioner; provided that said district court shall have no authority to enjoin or restrain any such order or judgment of said Debt Moratorium Commissioner before the final determination thereof by the court of competent appellate jurisdiction, or before the delay for taking an appeal has expired. An appeal may be taken to the court of competent appellate jurisdiction, but no order or judgment of the Debt Moratorium Commissioner shall be suspended until definitive judgment is rendered on the appeal."

The question to be first considered in this case is: Has the appeal from the trial court's decision been taken to the court of competent appellate jurisdiction? In civil suits of this nature, the Supreme Court is granted appellate jurisdiction where the amount in dispute exceeds $2000, exclusive of interest. Article 7, section 10, Louisiana Constitution of 1921.

As before seen, the case at bar involves the execution of a judgment in the principal sum of $2,000, plus 8 per cent. interest thereon from February 21, 1931, and 10 per cent. on the aggregate of said interest as attorney's fees. In determining the amount in dispute for jurisdictional purposes, the attorney's fees awarded must be taken into consideration, for it is an essential and inseparable part of the demand. Succession of Foster, 51 La.Ann. 1670, 26 So. 568; Perritt & Lawhon v. Butler, 19 La.App. 570, 141 So. 433.

A computation of that item with the principal sum under the judgment produces an amount in excess of the jurisdictional limits of this court, and discloses that this appeal is for the consideration of the Supreme Court.

No motion to dismiss or transfer the appeal has been urged by either counsel. However, we are compelled to take notice of our lack of jurisdiction, even though it is not called to our attention. Carlock v. Kusin, La.App., 167 So. 459; Noel Estate v. Louisiana Oil Refining Corp., La.App., 170 So. 272.

Accordingly and pursuant to the provisions of Act No. 19 of 1912, it is ordered that the appeal in this case be transferred to the Louisiana Supreme Court; that a period of 60 days is granted for perfecting of the transfer, dating from the finality of this decree; and that, on failure to make the transfer within that period, the appeal shall stand dismissed.