**WESTFALL v. McCULLOUGH et al.**

No. 5799.

Court of Appeal of Louisiana.
Second Circuit.

March 31, 1939.

Olin D. Moore and J. Reuel Boone, both of Many, for appellant.

J. S. Pickett, of Many, for appellees.

DREW, Judge.

Plaintiff, A. V. Westfall, alleged that on August 11, 1937, he purchased from the Many Motor Company, Inc., a 1930 model Chevrolet truck and gave a chattel mortgage against it for the credit price of said truck; that he had paid all of said purchase price with the exception of $17.50; that S. S. McCullough obtained a judgment in the Justice of Peace court, Ward 1, Sabine Parish, Louisiana, against Lloyd Westfall; that said McCullough had issued a fieri facias under said judgment and had seized and advertised for sale plaintiff's truck to satisfy said judgment. Plaintiff further alleged that Lloyd Westfall had no interest in the truck and that he had demanded of McCullough and the constable making the seizure that his truck be released, without avail. He further alleged that the illegal seizure has damaged him in the sum of $4 per day from the date of seizure until the truck is released, and especially reserved the right to sue for such damages. He further alleged that he had incurred attorney's fees in the sum of $100, in order to enjoin the sale of the said property. He alleged the necessity of a restraining order and a preliminary injunction after hearing, and, finally, prayed for a permanent injunction and the release from seizure of his truck. The suit was filed in forma pauperis.

The restraining order was issued, and also a rule nisi directing said McCullough and the constable to show cause why a preliminary injunction should not issue.

Defendants in rule filed a plea to the jurisdiction of the district court to grant an injunction restraining the execution of a judgment rendered by the Justice of Peace court. They also filed exceptions of no cause and no right of action, and a rule to traverse the pauper's oath and the right to proceed in forma pauperis.

Defendants in rule filed answer admitting the seizure and advertisement for sale of the alleged truck and denying all other material allegations of plaintiff's petition, and alleging the truck was owned by Lloyd Westfall, the defendant in execution.

The plea to the jurisdiction was overruled by the lower court. The exceptions of no cause and no right of action were referred to the merits. The motion to traverse the right of plaintiff to prosecute the suit in forma pauperis was sustained and plaintiff ordered to furnish bond for

costs. Rule to show cause why preliminary injunction should not issue was tried, and preliminary injunction issued. At a later date the case on its merits was tried, resulting in a judgment setting aside the preliminary injunction formerly ordered issued by the court, and rejecting the demands of plaintiff.

Plaintiff perfected an appeal to this court in forma pauperis. He secured said appeal by properly showing to the lower court that he was financially unable to pay any further costs.

In this court appellee has filed a plea to the jurisdiction of this court and prayed that the appeal be dismissed. The pertinent material allegation in the plea is that the amount involved on the main demand made by plaintiff is less than the amount necessary to give this court jurisdiction. Other reasons are urged which are not necessary for us to relate.

 We are of the opinion the plea to the jurisdiction of this court is well founded for the reason that the amount involved is less than $100. The value of the truck at the time of trial below was fixed by the lower court at between $50 and $75. We can well take a medium between the two and fix the value at $62.50, and still it will be an excessive valuation. Appellant in his brief has the following to say in regard to the value of the truck:

"On the Merits

"Since the trial of this cause, the truck involved has deteriorated to such an extent that it is of practically no value. Counsel have also reached a conclusion that a judgment against either party of this litigation would be of no value. Hence, as to the merits the case is submitted upon the record."

It is true that plaintiff alleged he had incurred expenses of $100 for attorney's fees. The proof does not sustain the allegation. In fact, there is no proof of this item. However, if he had, the defendant could not be held liable for that amount for it would be grossly excessive. Where the services rendered, as in this case, are under the eyes of the court, it usually fixes a reasonable attorney's fee, one commensurate with the service rendered, taking into consideration the value of the property or the amount involved. In this case a reasonable attorney's fee would be $25 (Perritt & Lawhon v. Butler, 19 La.App. 570, 141 So. 433), which added to the value

of the truck would be less than $100, the amount necessary to give this court jurisdiction.

The real and not the fictitious amount involved determines the jurisdiction of this court. Consequently, inflated and grossly exaggerated demands for damages will be discounted to something near the amount which could be awarded if liability exists. Greco v. Frigerio, 3 La. App. 649; Ostrica Oyster Co. v. Barbier, 128 La. 268, 54 So. 794; Major v. Ronaldson & Puckett Co., 127 La. 754, 53 So. 980; Bowlus v. Whatley, 128 La. 500, 54 So. 972.

It therefore follows that the motion to dismiss is sustained and the appeal dismissed at appellant's cost.