## HAMMOND BOX CO., Inc., v. INDEPENDANCE STRAWBERRY CO–OPERATIVE ASS'N.

### No. 2108.

Court of Appeal of Louisiana. First Circuit.
March 4, 1940.

Rownd & Tycer, of Hammond, for appellant.

Morrison & Sims and C. Paul Phelps, all of Hammond, for appellee.

OTT, Judge.

This suit is on a note for $1,800, dated November 8, 1938, with 6% per annum interest thereon from date, which note provides for an additional amount of 15 per cent on the principal and interest for attorneys' fees. The prayer of the petition is for the amount of the note, interest, attorneys' fees and cost.

The defendant denies owing any part of the note, and denies that the note was signed by any officer of the Association who was authorized to do so by the board of directors of the Association. And it is alleged in the answer that in the event the court finds that the note was signed by duly authorized officers of the Association, then in the alternative, it is averred that said note was without consideration; that instead of the defendant owing plaintiff the amount of the said note, it is alleged that the plaintiff owes the defendant the sum of $934.99 for the reasons set forth in the answer. The prayer of the answer is that plaintiff's suit be dismissed, and that the defendant have judgment in reconvention against the plaintiff in the said sum of $934.99.

Judgment was rendered in favor of plaintiff for the sum of $1,800 with 6% per annum interest thereon from November 8, 1938, plus an additional amount of 15% on the principal and interest for attorneys' fees. No mention is made in the judgment of the reconventional demand. The defend-

ant has taken and perfected an appeal to this court.

It is obvious that the total amount claimed in the petition and the amount of the judgment, exclusive of interest and costs, exceeds the sum of $2,000. In fact, the principal of the note and the attorneys' fees thereon of 15 per cent amount to $2,070. In determining the appellate jurisdiction of this court the attorneys' fees are a part of the demand.

In view of the fact that the amount in controversy exceeds the appellate jurisdiction of this court, we have no other alternative but to dismiss the appeal or transfer it to the Supreme Court. The case is similar to that of Richland State Bank v. Brock et al., La.App., 177 So. 454, where the court transferred the appeal to the Supreme Court. We will take the same action in this case.

In accordance with Act No. 19 of 1912, it is ordered that the appeal in this case be transferred to the Supreme Court of Louisiana; that the appellant be and it is hereby granted a period of 60 days from the date this decree becomes final to transfer and perfect said appeal in that court, and on its failure to do so within said period, the appeal to stand dismissed.