In the prayer of his petition, plaintiff asks for damages against the defendant in the sum of $3,334, made up of three items of damage: the loss of the use of a residence owned by plaintiff on account of drilling operations carried on by defendant under an oil and gas lease, in that an oil well was placed within 45 feet of this residence contrary to the terms of the lease and a subsequent modification thereof, these drilling operations causing so much noise, bad odors, filth and loss of privacy as to render the dwelling totally unfit for occupancy as a residence, for which he claims damages in the sum of $1,500; damage to and destruction of trees, shrubbery and other plants growing on the leased property, caused by the drilling operations, the sum of $1,434; and for the loss of the rental of other parts of the leased property by reason of the erection of storage tanks, separators, exposed pipes, etc., the sum of $400.
Under an exception filed by the defendant, the trial court ruled out the claim for loss of rent under the last item of damage, and plaintiff seems to have acquiesced in this ruling.
The trial judge rendered a judgment in favor of the plaintiff against the defendant for $1,009 for damage to and loss of trees, shrubbery and plants, but rejected the claim for damages resulting from the loss of the use of the house for residence purposes. The plaintiff took an appeal to this court from the judgment, and defendant answered the appeal and asks that the judgment against him be reversed, or in the alternative, that the amount be reduced.
In this court the plaintiff is urging his claim for $1,500 damage caused by the drilling operations to his residence on the property, and the defendant is insisting that he is not liable for the damage to trees, shrubbery and other plants on plaintiff's property for which judgment was rendered against him. Plaintiff does not question in this court the correctness of the amount awarded him on this last item.
It is obvious that the amount in dispute between the plaintiff and the defendant on this appeal is the sum of $1,500 plus the sum of $1,009, or a total of $2,509. Article 7, Section 10, of the Constitution of this State, gives the Supreme Court appellate jurisdiction in civil suits where the amount in dispute shall exceed two thousand dollars exclusive of interest, except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances, and in suits for workmen's compensation.
Ordinarily, the amount shown by the pleadings to be in dispute determines the jurisdiction of the appellate court, however, if it appears that the claim is inflated and exaggerated, the court may examine *West Page 110 
the record to ascertain the actual and reasonable amount in controversy in determining jurisdiction. Turner v. Charlton et al., La.App., 197 So. 187. We have examined the evidence and the entire record in this case in order to determine whether or not the claims for damages are unreasonably inflated and exaggerated, but we do not find this to be the case.
As the claims for damage do not arise out of a personal injury nor involve a claim for compensation, and as the amount in dispute exceeds the sum of two thousand dollars, the Supreme Court has jurisdiction of the appeal, and exercising the discretion granted us by Act 19 of 1912, we will transfer the appeal to that court. Richland State Bank v. Brock et al., La.App., 177 So. 454; Hammond Box Co., Inc., v. Independence Strawberry Cooperative Ass'n, La.App., 194 So. 95.
For these reasons and in accordance with Act 19 of 1912, it is ordered that the appeal in this case be transferred to the Supreme Court of Louisiana; that the appellant is hereby granted a period of 60 days from the date this decree becomes final to file the necessary transcript and perfect said appeal in the Supreme Court, and in case of his failure to do so within said period, the appeal to stand dismissed; appellant to pay the cost of this appeal, and all other cost to await the final termination of the cause.