Plaintiff, as owner of lot 49 of the Lieb subdivision in the City of Shreveport, joined by her husband, brought this suit against defendant as owner of the south 42 feet of lots 46, 47 and 48 of the Lieb subdivision to compel the removal of a sewer line running from defendant's property across that of plaintiff, alleged to constitute a nuisance, and for damages.
The testimony of Mr. W.W. Jones, witness for defendant, established the fact that at one time he owned both tracts of property involved in this suit; that in or about the year 1923 he sold the south 42 feet of lots 46, 47 and 48 to Tom and Luseddy Washington, and, that in or about the year 1927, he sold lot 49 of the same subdivision to Arthur and Belle Cobb. Mr. Jones further testified that he was engaged to build a six-room house for Arthur and Belle Cobb on lot 49, and, at the same time, he was engaged to put in a sewer line for Tom Washington, which was to be used as a joint line from the back of the Cobb house *Page 731 
to the alley. In accordance with this authorization, the house was built on lot 49 and the sewer line installed from the rear of the Washington property, crossing a portion of lot 49, to the rear of the house thereon, where it joined the sewer from said house and continued to the alley. The witness testified that on behalf of the respective owners of the properties he signed an agreement in July, 1928, in accordance with requirements of municipal regulations, which agreement evidenced the acquiescence of the respective owners of the property in the laying of the sewer line across lot 49, and further released the City of Shreveport from all liability resulting from the construction and use of said line.
The construction of the sewer line was completed in the latter part of July, 1928, and the line has been in constant use since said date.
The defendant, Cora Washington, acquired the south 42 feet of lots 46, 47 and 48 of the Lieb subdivision by purchase from the other heirs of Tom and Luseddy Washington, her deceased father and mother. Oneta Fuller acquired lot 49 of the Lieb subdivision from the Home Owners Loan Corporation by deed of date December 31, 1940.
At some time in 1941, and again in 1943, plaintiff complained to defendant about the sewer line and requested its removal. The record discloses the fact that in the year 1943 a break occurred in the line and an attempt by the defendant to have the break repaired by a plumber was prevented by plaintiff, who refused to permit the plumber to enter her premises, until ordered so to do by the health authorities of the City of Shreveport.
Plaintiff alleged that the sewer line in question constituted a nuisance; that the act of repairing breaks in the line had caused damage to shrubbery, as well as to the lot itself; and that the stench of the sewerage was obnoxious and unpleasant.
After trial below there was judgment rejecting plaintiff's demands, recognizing the existence of the sewer line as constituting a real servitude in favor of the property owned by the defendant, and further recognizing the owner of the property in favor of which the servitude was created as possessing the right to repair and maintain said line, and for said purpose to enter upon the property owing the servitude.
While a number of points have been raised on behalf of both plaintiff and defendant by their respective counsel, in our opinion there is only one issue in the case, and that is whether the servitude was of such character as to admit of acquisition by prescription. Defendant plead the prescription of 10 years, and abundant testimony in the record establishes the fact that the sewer line was first laid in 1928, and that it was in continuous use from such year up to and including the filing of this suit on November 4, 1943, a period of more than 15 years. In a written opinion refusing plaintiff's application for rehearing, the learned Judge of the District Court quoted Articles 727, 724 and728 of the Civil Code in support of his conclusion that it was unnecessary to go beyond the plain language of the codal articles in determining that the sewer constituted an apparent continuous servitude, subject to acquisition through possession of 10 years, under the provisions of Article 765 of the Civil Code. With this conclusion we are in complete accord.
It was established that the sewer line for an appreciable distance on plaintiff's property was raised several feet above the ground, and supported by concrete piers, before reaching a point where the slope of the ground permitted the covering of the line. This being a fact, there can be no question as to the apparent nature of the exterior works. The sole remaining question is whether the servitude as created is continuous in nature, and, therefore, subject to acquisition by prescription.
It is earnestly urged by distinguished counsel for plaintiff that since the sewer line was constructed by the hand of man, and since its use is intermittent and subject to the will of man that, therefore, it does not come under the codal definition of continuous servitude. With this contention we cannot agree. There appears to be nothing in the codal provisions which would indicate that the character of a servitude as to whether it be continuous requires unceasing operation. Rather, the articles dealing with this point specifically denominate aqueducts and drains as being illustrative of continuous servitudes. Surely it cannot be asserted that water must perpetually and unceasingly flow through an aqueduct or drain *Page 732 
in order to meet the requirements and fulfill the definition of continuous servitude.
It has long been settled that continuous servitudes are not simply natural occurrences, but may be actually created and constructed through the agency of man. Greco v. Frigerio, 3 La.App. 649; Kennedy v. Succession of McCollam, 34 La.Ann. 568.
Under the unambiguous definitions of Articles 727, 724 and 728
of the Civil Code, as well as under the jurisprudence interpreting these articles, there can be no question but that the sewer line involved in this cause was a continuous, apparent servitude, and, as such, subject to acquisition by prescription of 10 years under Article 765 of the Civil Code.
It is well established that agreements with reference to continuous apparent servitudes may be proved by parol evidence, and the agreement of the owners of the property in the year 1928 is definitely established by testimony in this record.
As to whether the servitude created is personal or real, this question has been too well settled to necessitate citation of authorities, and no serious argument can be urged against the conclusion that the servitude by nature and by intent was created for the benefit of the property and was not personal in character.
We find that plaintiff failed to prove any damages of any nature whatsoever.
For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.