This is an action by the heirs of John Smith seeking to recover the value of improvements constructed by the said Smith on property belonging to the deceased husband of this defendant. This suit is an outgrowth of extended litigation between these parties or their predecessors in title, the subject matter of which litigation has been passed upon by this Court and reviewed by the Supreme Court. This suit was brought after the judgment of the Supreme Court as reported in Atkins v. Smith, 207 La. 560, 21 So.2d 728.
Defendant filed a plea of res adjudicata and an exception of no cause or right of action, which pleas were sustained by the district judge and plaintiff's suit accordingly dismissed.
Defendant-appellee has filed a motion to dismiss the appeal, directed at the Court's lack of jurisdiction ratione materiae.
[1] Since the amount shown by the pleadings to be in dispute determines the jurisdiction of the appellate court, reference *Page 650 
must be had in the instant case to the prayer of plaintiff's petition, which discloses that judgment is sought: "In the sum of Eighteen Hundred ($1800.00) Dollars plus Five Hundred ($500.00) Dollars attorney's fees, or in the alternative Eleven Hundred ($1100.00) Dollars, plus Five Hundred ($500.00) Dollars attorney's fees."
In support of the motion to dismiss it is argued on behalf of appellee that the aggregate amount of plaintiff's main demand, including attorney's fees is $2,300. Acceptance of this contention, of course, removes the controversy from the jurisdiction of this Court, since Article 7 of Section 10 of the Constitution of the State of Louisiana confers jurisdiction in civil suits, where the amount in dispute exceeds $2,000, exclusive of interest, upon the Supreme Court.
In support of the motion, counsel for mover cites the opinion of this Court in Richland State Bank v. Brock et al., 177 So. 454, and the opinion of the Court of Appeal for the First Circuit in Hammond Box Company, Inc. v. Independence Strawberry Co-Operative Association, 194 So. 95. We do not find these authorities applicable. In our opinion, there is a clear distinction between cases in which claims for attorney's fees arising from contract between the parties, or from the provisions of special statutes providing for attorney's fees, are coupled with the main demand, and those in which claims for attorney's fees are not predicated upon contractual or statutory provisions. The cases cited fall within the first classification.
Nor do we find that the case of Robin v. J. Thomas Driscoll, Inc., La. App., 197 So. 307, which is the sole authority cited by counsel for plaintiff-appellant in opposition to the motion to dismiss, is pertinent. The Driscoll case involved a continuing daily penalty. It was this penalty and not the allowance of attorney's fees in the case that determined the matter of jurisdictional amount.
[2] Notwithstanding the fact that neither a contractual nor statutory allowance of attorney's fees is involved in the case before us, examination of plaintiff's petition clearly indicates that if the claim on the main demand arising out of a tortious and illegal seizure and sale is established, there would be, in our opinion, a corollary right to attorney's fees.
[3] Inasmuch as plaintiff's principal demand is fixed in the amount of $1,800, any judgment allowing attorney's fees in excess of $200 would place the subject matter of this litigation without the jurisdiction of this Court. In view of this Court's first-hand knowledge of what plaintiff refers to as "extensive litigation" in these matters, we would not be justified in holding, after mere consideration of the pleadings, that an attorney's fee between the brackets of $200 and $500 would be unreasonable. For this reason, we do not regard plaintiff's claims as being inflated or exaggerated to an extent which would justify this Court in retaining jurisdiction under the authority of the expressions used in Westfall v. McCullough, La. App., 187 So. 839, and the authorities therein cited.
In the opinion of Judge Taliaferro of this Court in Perritt Lawhon v. Butler (Werner, Intervenor), 19 La. App. 570, 141 So. 433, 434, it was held that attorney's fees, incurred by intervenor in having unlawfully seized property restored to him, was a proper element of damages on dissolution of a writ, and the further statement was made: "If such fees are proper elements of damages in a contest involving illegal issuance of writs, it follows that the quantum of such fees is a part of the amount in dispute and properly finds place in any consideration of the court's jurisdiction ratione materiae."
[4] We are careful to point out that our opinion in this case should not be construed in any manner as even indicating that a mere claim for attorney's fees on the part of a litigant should be considered in determining the existence vel non of jurisdiction of an appellate court. The proper rule seems to us to be that, for the purpose of determining jurisdiction ratione materiae, the amount of attorney's fees claimed under contract, or by the operation of statute or as a proper element of damages in a particular case, should be considered as constituting a part of the main demand. In connection with this principle it must be borne in mind that the Court should make an examination of the record for the purpose of determining the reasonable value of attorney's fees claimed under any one of the circumstances above noted, for the purpose of ascertaining if the claims for such fees are actual and reasonable or whether they are inflated and exaggerated. This is essential to the enforcement of a principle *Page 651 
designed to prevent litigants from choosing appellate tribunals at will by means of exaggerated and inflated claims. Morgan v. Echols, La. App., 4 So.2d 109; Turner v. Charlton et al., La. App., 197 So. 187.
For the reasons assigned we find that the Supreme Court is the proper appellate tribunal in the instant case, and, accordingly, it is ordered that this appeal be transferred to the Honorable the Supreme Court of the State of Louisiana. Plaintiff-appellant is hereby granted a period of 60 days, from and after the date upon which this decree becomes final, within which to effect the transfer and to perfect his appeal in said Court, failing which action within the time fixed this appeal is to stand dismissed.
[5] Costs of this appeal are assessed against plaintiff-appellant. All other costs to await final determination hereof.
KENNON, J., takes no part.