130 So.2d 519 (1961)
Widney R. HALE, Plaintiff and Appellee,
v.
Warren HULIN, Defendant and Appellant.
No. 279.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1961.
Rehearing Denied June 14, 1961.
Marion W. Groner, New Iberia, for defendant-appellant.
Eugene D. Broussard, New Iberia, for plaintiff-appellee.
Before TATE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This case involves a claim by plaintiff to a servitude of drain, consisting of a man-made ditch, across a portion of defendant's property. Plaintiff alleges that the ditch in question, which drains from plaintiff's property across the adjoining property of defendant, has been in existence for some 60 years, thereby creating a servitude of drain across defendant's property by a possession of 10 years under LSA-Civil Code, Article 765.
It is well settled that a drainage ditch is a continuous and apparent servitude and may be acquired by a possession of 10 years.
In the early case of Levet v. Lapeyrollerie, 39 La.Ann. 210, 1 So. 672, 673, involving a drainage canal, the court held:
"The servitude claimed is a real servitude. Rev.Civil Code Arts. 646-714. It is continuous, Id. Art. 727. It is apparent. Id. Art. 728. The code provides that `continuous and apparent servitudes may be acquired by title, or by a possession of ten years'. Rev. Civil Code Art. 765."
In State ex rel. Wood v. Pinder, La.App., 41 So.2d 479, 484, the court held:
"According to article 727 and 728 of the Revised Civil Code, the servitudes of aqueducts or ditch and/or drain are continuous apparent servitudes. Such servitudes can be acquired by the prescription of ten years. Kennedy v. Succession of McCollam, 34 La.Ann. 568."
*520 See also Fuller v. Washington, La.App., 19 So.2d 730; Efner v. Ketteringham, La.App., 41 So.2d 130, and authorities cited therein. Under these authorities it is clear that defendant's property has become burdened with a servitude of drain in favor of plaintiff's property if it is shown that the ditch has been in existence in excess of 10 years prior to the date this suit was filed.
Edwin R. Hale, father of plaintiff, and plaintiff's author in title, testified that his father bought the tracts now belonging to plaintiff and defendant in 1933, and that the ditch was in existence at that time. Mr. Hale further testified that he never knew it to be stopped up until 1958 when defendant leveled his land, which was some two weeks prior to the filing of this suit.
In 1938 Mr. Hale sold his son, plaintiff, the property he now owns. That tract now owned by defendant was sold in 1940 to Mr. Arthur Provost, who in turn sold it to the defendant in 1948. Mr. Provost, testifying for defendant, could not remember whether or not he had seen the ditch, but Mitchell Babineaux, who had leased the land from Provost, beginning in January, 1948, testified that the ditch was there during his lease of some 7 years
In our opinion, the record clearly supports the finding of the trial judge that the ditch had been in existence for well over 10 years when this suit was filed and that is all that is necessary. We find no merit in defendant's contention that plaintiff must prove the date on which the ditch was dug or the exact time at which the use of the servitude began.
Although there is some evidence in the record that the ditch was at times neglected and allowed to become obscured with weeds and bushes, it nevertheless continued to drain plaintiff's property and its character as a continuous and apparent servitude was not changed. See Fuller v. Washington, La.App., 19 So.2d 730 which follows the well established principle that even pipelines beneath the ground are continuous and apparent.
Following the decision of the trial court, defendant filed a motion for a new trial, setting forth that since the trial of the case he had discovered an aerial photograph which showed that the ditch did not exist at the date of the photograph which was January 31, 1941. The trial court properly denied defendant's motion. Admitting for the sake of argument that the photograph did not show the ditch such evidence would not affect the outcome of the case. Even if it would show conclusively that there was no ditch in 1940, it would not in itself mean that the ditch had not been in existence 10 years prior to 1958.
For the foregoing reasons the judgment appealed from is affirmed. All costs of this appeal are assessed against the defendant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.